FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 30 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DAVID HESTER-BEY,

                      Plaintiff,

    - against -

EASTERN DISTRICT COURT OFFICER, and
MICHAEL STANDARD, *Court Officer, EDNY*,

                      Defendants.
-------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-4656 (CBA) (LB)

AMON, Chief United States District Judge.

Pro se plaintiff David Hester-Bey commenced this action on August 18, 2013, alleging that he was followed and pushed by a court security officer in the Eastern District's courthouse. On January 30, 2013, defendant Akal Security, Inc. ("Akal") moved to dismiss Hester-Bey's complaint as frivolous. Currently before the Court is a Report & Recommendation ("R&R") issued by Magistrate Judge Lois Bloom on April 9, 2014, which recommends that the Court deny Akal's motion and instruct Hester-Bey to file an amended complaint that complies with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a) within thirty (30) days. The R&R further recommends that this action be dismissed without prejudice if Hester-Bey fails to file a sufficient amended complaint.

On April 21, 2014, the Court received a submission from Hester-Bey. (DE # 21.) In this submission Hester-Bey complained about the circumstances leading up to his unrelated confinement in California, objected to Akal's "motion for summary judgment," and included more details in support of his original complaint and in opposition to Akal's motion for summary judgment. Those portions of Hester-Bey's letter addressing his California confinement are irrelevant to this litigation. Hester-Bey's objections to Akal's motion are untimely and, in any

1

event, are moot since the R&R recommends denying Akal's motion. To the extent Hester-Bey attempted to correct the deficiencies of his complaint, such an attempt indicates acceptance of Magistrate Judge Bloom's R&R recommending denying Akal's motion but requiring Hester-Bey to file an amended complaint.

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection" under the federal rules. Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) ("[T]o the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for clear error." (internal quotation marks and alterations omitted)).

Because Hester-Bey's submission, even liberally construed, does not contain a specific objection to any portion of Magistrate Judge Bloom's R&R, the Court reviews the R&R for clear error. Finding no clear error, the Court hereby adopts the R&R in its entirety as the Decision and Order of this Court. Hester-Bey is instructed to file an amended complaint that complies with Fed. R. Civ. P. 8(a) within thirty (30) days of this Memorandum and Order. The complaint

2

should clearly identify the defendants in this action, the basis for jurisdiction, contain a brief description of the facts entitling Hester-Bey to relief, and state what relief he seeks. The complaint should not contain any information not directly related to the complaint at issue. For guidance, Hester-Bey should consult pages 9-11 of the R&R and specifically follow the instructions contained in footnote 10. If Hester-Bey fails to timely file a sufficient amended complaint, this action will be dismissed without prejudice.

SO ORDERED.

Dated: April 29, 2014
      Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge