FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 25 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAVID HESTER-BEY,

                      Plaintiff,

- against -

WILLIAM FORD

                      Defendant.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-4656 (CBA) (LB)

AMON, Chief United States District Judge:

On October 27, 2014, pro se plaintiff Hester-Bey sent a letter to the Court, DE # 60, objecting to Magistrate Judge Bloom's June 27, 2014 Order formally terminating Akal Security, Inc. from this action, DE # 39. Although his objection falls far outside the window provided by the Federal Rules, Hester-Bey claims that it is nonetheless timely because it reiterates arguments he raised in a July 8, 2014 letter to the Court, DE #44. In both letters, Hester-Bey argues that he properly named Akal Security as a defendant in his Amended Complaint and that Magistrate Judge Bloom erred in concluding otherwise. See DE # 44, 60.

The Court construes Hester-Bey's letters as raising a timely objection to Magistrate Judge Bloom's Order under Federal Rule of Civil Procedure 72, but concludes that Hester-Bey's objection is meritless. As Magistrate Judge Bloom correctly found, the Amended Complaint asserts no claim against Akal Security. See DE # 39. To the contrary, Hester-Bey never once mentions Akal Security in his Amended Complaint and instead bases his request for relief solely on the alleged use of excessive force by Court Security Officer ("CSO") William Ford. See DE # 29, 32 (claiming a "civil rights [violation] because a "CSO used excessive force[] and assaulted me"). Since the Amended Complaint superseded the initial one, that omission ended all claims against Akal Security, to the extent one ever existed. Therefore, Magistrate Judge Bloom's

Order did nothing more than accurately describe the current state of the case and Hester-Bey's claim of error is meritless.

Moreover, even if Hester-Bey had asserted a claim against Akal Security in the Amended Complaint, the in forma pauperis statute would require this Court to dismiss it because Akal Security "is . . . not a proper defendant in a Bivens action." Hester-Bey v. E. Dist. Court Officer, No. 13-cv-4656 (CBA)(LB), 2014 WL 1761028, at *6 (E.D.N.Y. Apr. 9, 2014) (analyzing Hester-Bey's claim against Akal Security), report and recommendation adopted by 2014 WL 1779468 (E.D.N.Y. Apr. 30, 2014); 28 U.S.C. § 1915.

To the extent Hester-Bey wishes to raise claims against other Court Security Officers, he may file a Second Amended Complaint with the Court clearly stating the actions taken by each of those officers and how those actions harmed him. He should present the facts surrounding those incidents clearly and succinctly without resort to conclusory statements. If Hester-Bey does not know the names of those officers, he may label them as "John Doe" and provide a detailed description of the officer, including any identifying information known to him.

The Court cautions Hester-Bey against raising claims this Court has already dismissed. In particular, the Court has already considered and rejected Hester-Bey's claim that CSOs were following him in the courthouse as it fails to allege a violation of a federal right. See id., 2014 WL 1761028, at *6 n.11.

If Hester-Bey responds to this Order by again claiming that CSOs violated his rights by following him, those claims will be dismissed as frivolous.

SO ORDERED.

Dated: November 24, 2014
Brooklyn, New York

s/Carol Bagley Amon

_____
Carol Bagley Amon
Chief United States District Judge