FILED
IN CLERK'S OFFICE    Rec'd 8/17/15
U.S. DISTRICT COURT E.D.N.Y.        WW

★ AUG 13 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAVID HESTER-BEY,

                Plaintiff,

      -against-

WILLIAM FORD,

                Defendant.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-4656 (CBA) (LB)

AMON, Chief United States District Judge.

Pro se plaintiff David Hester-Bey commenced this action on August 18, 2013, alleging that a Court Security Officer used excessive force against him during an altercation in the Eastern District's courthouse. (DE #1.) After the Court dismissed that Complaint, Hester-Bey filed an Amended Complaint in May of 2014. (DE #29, 32.) On November 21, 2014, defendant Ford timely moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE #63.)

This Court referred that motion to Magistrate Judge Lois Bloom for Report and Recommendation ("R&R"). (DE dated 3/4/2015.) On June 8, 2015, Magistrate Judge Bloom recommended that the Court deny Ford's motion because Hester-Bey sufficiently alleged an excessive force claim under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) over which this Court has subject matter jurisdiction. (DE #69.)

Ford filed a timely objection to the R&R arguing that his motion to dismiss should be granted both because the Court lacks jurisdiction and because Hester-Bey failed to adequately plead a claim for excessive force. (DE #71.) Hester-Bey responded to that objection in a submission dated July 18, 2015. When deciding whether to adopt an R&R, a district court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] Fed. R. Civ. P. 72(b)(3). "However, to the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for clear error." Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).

Although Ford's objection focuses on the same two grounds for dismissal raised in his motion—lack of subject matter jurisdiction and failure to state a claim—it relies on a number of arguments that were not raised before the magistrate judge. Whereas his submission to the magistrate judge contended that jurisdiction was lacking because the parties were not diverse and plaintiff failed to make out a § 1983 claim, he now contends that the case must be dismissed on both bases because Hester-Bey failed to plead sufficiently a Bivens claim. Ford cannot claim that he was unaware that Hester-Bey's claim had been construed as arising under Bivens. To the contrary, Magistrate Judge Bloom has repeatedly made that point plain. (See June 27, 2014 Report & Recommendation at 4, DE #39 ("As set forth in the Court's [prior] R&R, plaintiff seeks, in part, to bring an excessive force claim against defendant Ford pursuant to Bivens . . . .") (quoting Apr. 9, 2014 Report & Recommendation at 7, DE #20).) Moreover, when Ford first filed the pending motion to dismiss he did so in violation of the Court's Individual Rules. As a

---

[1] Ford erroneously claims that the Court will review its motion de novo and "set aside" the R&R. But it is well-established that the Court will not do so in the absence of a specific objection. See Soley, 823 F. Supp. 2d at 228.

2

result Magistrate Judge Bloom struck the motion, directed him to refile it properly and then proceeded to explicitly note that the motion as filed "ignores my orders which construe plaintiff's claim as alleging that Court Security Officer William Ford used excessive force against him in violation of his constitutional rights under Bivens . . . ." (Sept. 23, 2014 Order at 1, DE #53.) Instead of heeding that direction and addressing the Bivens claim, Ford proceeded to refile his original motion. As Ford failed to raise Bivens arguments before the magistrate judge (even after being instructed to do so), he may not now assert them in his objection. See Fisher v. O'Brien, No. 09-CV-42 (CBA) (LB), 2010 WL 1286365, at *1 (E.D.N.Y. Mar. 30, 2010).[2]

Even if those arguments were properly raised—which they were not—they would fail on the merits. On the jurisdictional issue, Ford curiously claims that this Court lacks jurisdiction because Hester-Bey failed to allege adequately a Bivens claim. (Def. Obj. at 4-5.) "But jurisdiction is an issue distinct from and logically prior to the merits of a claim, and . . . 'the nonexistence of a cause of action [i]s no proper basis for a jurisdictional dismissal.'" Lotes Co. v. Hon Hai Precision Indus. Co., 753 F.3d 395, 403 n.3 (2d Cir. 2014) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998)). Federal courts have jurisdiction over claims arising under the Constitution of the United States. Since Bivens provides an implied right of action for violations of certain constitutional rights, it falls plainly falls within the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. (R&R at 5 (citing 28 U.S.C. § 1331).)

Next, Ford contends that the Bivens claim fails on the merits because Hester-Bey failed to sufficiently plead that Ford acted under color of federal law. (Def. Obj. at 5-8.) As that argument was not raised before the magistrate judge, it is properly disregarded. See Fisher, 2010

---

[2] The Clerk of Court is respectfully directed to send plaintiff copies of all unreported cases cited herein.

WL 1286365, at *1. Moreover, contrary to Ford's claim, Court Security Officers ("CSOs") do not act purely as "private citizen[s]." (Def. Obj. at 8.) Although such officers are employed by private companies, they "are deputized by the Director of the United States Marshals Service to provide courtroom security for the Federal judiciary and to perform the functions of a Deputy U.S. Marshal." Buell ex rel. Buell v. Bruiser Ken, No. 97-CV-1131 (EHN), 1999 WL 390642, at *4 (E.D.N.Y. Mar. 31, 1999) (citing 28 C.F.R. § 0.112); (R&R at 4 n.4). Thus, CSOs act under color of federal law. See Allen v. Travis, No. 06-CV-1361 (BML) (ICR), 2008 WL 4602734, at *3 (N.D. Tex. Oct. 10, 2008) (finding CSOs act under color of federal law) (citing Buell, 1999 WL 390642, at *4); see also Bender v. Gen. Servs. Admin., 539 F. Supp. 2d 702, 707-708 (S.D.N.Y. 2008) (Lynch, J.) (denying motion to dismiss Bivens claim against private security guard at a Social Security Administration service center because such a contractor can act under color of federal law).

The sole objection properly before this Court is Ford's contention that Hester-Bey's claim should be dismissed because the allegations of "a push," "assault" and "excessive force" contained in the pleadings are too threadbare to survive his motion to dismiss. (Def. Obj. at 7.) Moreover, Ford claims that the magistrate judge "invent[ed] factual allegations [plaintiff] has not pled" by noting that in common parlance the term "assault" connotes a physical altercation. (Id. (citing R&R at 9).) That argument is meritless. It is well-established that the Court must "liberally construe[]" pro se submissions and that such submissions are held to "less stringent standards than formal pleadings drafted by lawyers." (R&R at 8 (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).) By noting that "assault"—a legal term—is also commonly used to describe a physical altercation, the magistrate judge simply followed those instructions. Because

4

Hester-Bey alleged that the officers used forced against him and claims that the amount of force used was excessive, he pled adequately (though inartfully) a claim for excessive force.

Based on the present record, the R&R correctly found that the Court lacks sufficient information to assess whether the amount of force Ford employed was reasonable.[3] (R&R at 9-10.) Although it is true that "[n]ot every push or shove" rises to the level of a constitutional violation, Perkins v. Brown, 285 F. Supp. 2d 279, 283 (E.D.N.Y. 2003) (quotation marks and citation omitted), courts are rarely able to assess the reasonableness of the force used at the motion to dismiss stage. Indeed, a motion to dismiss may be granted in an excessive force case only if, after accepting all allegations as true, the force used was objectively reasonable as a matter of law. See Pelt v. City of New York, No. 11-CV-5633 (KAM) (CLP), 2013 WL 4647500, at *13 (E.D.N.Y. Aug. 28, 2013) (granting motion to dismiss an excessive force claim where plaintiff alleged only that officers made verbal threats because such allegations are insufficient as a matter of law); cf. Perkins, 285 F. Supp. 2d at 283 (making such a determination at the summary judgment, not the motion to dismiss, stage). Here, Hester-Bey claims that Ford pushed him against a wall and used physical force against him. That force may have been reasonable and justified under the circumstances; it may not have been. Because that is simply not a question that the Court can resolve at this stage, Hester-Bey's excessive force claim may proceed.

---

[3] The R&R also properly concluded that it would be inappropriate to convert this motion to one for summary judgment because Ford failed to provide the notices required under Local Civil Rules 12.1 and 56.2. (R&R at 10.)

## CONCLUSION

For the reasons stated above, the Court finds Ford's objections to be meritless. The Court has reviewed the remainder of the R&R and finds no clear error. Accordingly, defendant Ford's motion to dismiss (DE #63) is denied in its entirety.

SO ORDERED.

Dated: August 13, 2015
      Brooklyn, New York

/S/ Chief Judge Carol Bagley Amon
_____
Carol Bagley Amon
Chief United States District Judge